UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JINLAN CHEN,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendant. | No. 2:21-cv-00220-TLN-AC |
| SUNG SOK SOHN,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et. al.,<br><br>        Defendants. | No. 2:22-cv-00572-TLN-AC<br><br>**ORDER** |

This matter is before the Court in Case No. 22-cv-00572-TLN-AC on Defendants U.S. Citizenship and Immigration Services ("USCIS") and Board of Immigration Appeals's ("BIA") (collectively, "Defendants") Motion to Dismiss. (ECF No. 9.) Plaintiff Sung Sok Sohn filed an opposition (ECF No. 12), and Defendants filed a reply (ECF No. 14). Also before the Court is

1  Plaintiff's unopposed Motion to Consolidate.  (ECF No. 12.)  For the reasons set forth below,

2  both Defendants' Motion to Dismiss and Plaintiff's Motion to Consolidate are GRANTED.

3        This matter is also before the Court in Case No. 21-cv-00220-TLN-AC on Defendant's

4  Motion to Dismiss.  (ECF No. 25.)  Plaintiff Jinlan Chen filed an opposition (ECF No. 28), and

5  Defendant filed a reply (ECF No. 30).  Also before the Court is Plaintiff's unopposed Motion to

6  Consolidate.  (ECF No. 28.)  For the reasons set forth below, both Defendant's Motion to Dismiss

7  and Plaintiff's Motion to Consolidate are GRANTED.

8      **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**[1]

9        In 2001, Plaintiff Sohn (hereinafter, "Plaintiff") was convicted of committing a lewd and

10 lascivious act upon a child under the age of 14 in violation of California Penal Code § 288(a) and

11 committing a lewd and lascivious act upon a child under the age of 14 by force or fear in violation

12 of California Penal Code § 288(b)(1).  (ECF No. 1 at 7, 19.)  Plaintiff received a ten-year

13 sentence for his offenses.  (*Id.* at 19.)

14       On June 4, 2018, Plaintiff filed a Petition for Alien Relative (Form I-130) on behalf of

15 Jinlan Chen ("Chen"), his non-citizen spouse.  (*Id.* at 17.)  USCIS subsequently denied the I-130

16 petition pursuant to the Adam Walsh Child Protection and Safety Act ("Adam Walsh Act").  (*Id.*

17 at 2, 21.)  In so doing, USCIS found Plaintiff failed to demonstrate he poses no risk to Chen.  (*Id.*

18 at 7, 21.)  Plaintiff appealed USCIS's determination to the BIA.  (*Id.* at 2.)  The BIA dismissed

19 the appeal on March 11, 2022.  (*Id.*)

20       On March 31, 2022, Plaintiff filed the operative Complaint after the BIA denied his

21 appeal.  (*Id.* at 2–3.)  In the Complaint, Plaintiff alleges a single claim for judicial review of an

22 agency decision, and more specifically, USCIS's denial of his I-130 petition and the BIA's

23 dismissal of his appeal.  (*Id.* at 2–3, 5.)  On June 13, 2022, Defendants filed the instant motion to

24 dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).  Because the

25 Court finds it lacks subject matter jurisdiction, it does not discuss the Rule 12(b)(6) motion.

26

27 [1]    Plaintiff Chen is Plaintiff Sohn's wife.  The facts and issues in both cases are substantially
the same.  For the purposes of this Order, the Court will only cite facts and arguments from Case
28 No. 2:22-cv-00572-TLN-AC.

## II.  STANDARD OF LAW

A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A court considering a motion to dismiss for lack of subject matter jurisdiction is not restricted to the face of the complaint and may review any evidence to resolve disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (in a factual attack on subject matter jurisdiction, "[n]o presumptive truthfulness attaches to plaintiff's allegations"). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).

## III.  ANALYSIS

### A.  Rule 12(b)(1)

Defendants argue the Court lacks subject-matter jurisdiction over this action. (ECF No. 9 at 3.) Plaintiff does not address Defendants' argument that the Court lacks subject-matter jurisdiction. (*See* ECF No. 12.) Instead, Plaintiff's arguments solely consist of how the Complaint states sufficient facts to constitute a claim for relief and the BIA is a proper party. (*See* ECF No. 12 at 17–24.)

The Immigration and Nationality Act ("INA") allows a U.S. citizen to file an I-130 petition seeking to classify his or her foreign national spouse as an immediate relative. *See* 8 U.S.C. § 1154(a)(1)(A)(i) ("Clause (i)"). However, the Adam Walsh Act created an exception that provides:

> Clause (i) shall not apply to a citizen of the United States who has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition described in clause (i) is filed.

8 U.S.C. § 1154(a)(1)(A)(viii)(I); *see Gebhardt v. Nielsen*, 879 F.3d 980, 984 (9th Cir. 2018).

The INA "bars [courts] from reviewing any 'decision or action . . . the authority for which is specified [as falling under] the discretion of the Attorney General or the Secretary of Homeland Security.'" *Gebhardt*, 879 F.3d at 984 (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)). Moreover, 8 U.S.C. § 1154(a)(1)(A)(viii)(I) grants the Secretary of Homeland Security the "sole and unreviewable discretion" in making "no risk" determinations under the Adam Walsh Act. *Id.*

The Ninth Circuit has held these statutory provisions "clearly demonstrate Congress' intent to prevent [courts] from reviewing how the Secretary [of Homeland Security] exercises his or her 'sole and unreviewable discretion' to make 'no risk' determinations." *Id.* (citing *Roland v. USCIS*, 850 F.3d 625, 629 (4th Cir. 2017); *Privett v. Sec'y, Dep't of Homeland Sec.*, 865 F.3d 375, 381 (6th Cir. 2017); *Bremer v. Johnson*, 834 F.3d 925, 929 (8th Cir. 2016)). As such, courts may only review a plaintiff's claim to the extent it challenges actions beyond the Secretary of Homeland Security's "sole and unreviewable discretion." *Id.* at 984–85.

"Courts have found that a failure to oppose an argument serves as a concession." *Lou v. JP Morgan Chase Bank N.A.*, No. 3:17-cv-04157-WHO, 2018 WL 1070598, at *2 (N.D. Cal. Feb. 26, 2018); *see also Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (collecting cases); *Hellman v. Polaris Indus., Inc.*, No. 2:21-cv-00949-JAM-DMC, 2022 WL 484908, at *2 (E.D. Cal. Feb. 16, 2022), *reconsideration denied*, 2022 WL 3019916 (E.D. Cal. July 29, 2022) (noting the plaintiffs did not address the defendant's jurisdiction arguments in their opposition and, on that basis, finding the plaintiffs waived that argument).

As identified by Defendants in their reply (ECF No. 14 at 2), Plaintiff has failed to address or respond to Defendants' argument that the Court lacks jurisdiction to review USCIS's "no risk" determination regarding Plaintiff and Chen (*see* ECF No. 12). Thus, the Court construes Plaintiff's failure to oppose Defendants' argument as a concession of the jurisdiction argument.

Even if the Court were to consider the merits, Plaintiff requests judicial review of USCIS's determination on the I-130 petition and how USCIS found he failed to demonstrate he posed no risk to Chen. (ECF No. 1 at 2, 7.) In doing so, Plaintiff takes issue with how USCIS weighed the evidence and made its determination. (*See id.* at 8–9.) Accordingly, Plaintiff's claim challenges an action taken within the Secretary of Homeland Security's "sole and unreviewable

discretion." *See Gebhardt*, 879 F.3d at 987. Thus, the Court lacks jurisdiction to review Plaintiff's claim based on USCIS's "no risk" determination. *See id.*

Moreover, while Plaintiff seeks judicial review of the BIA's dismissal of his appeal (ECF No. 1 at 8), this is another challenge to USCIS's "no risk" determination, an action taken within the Secretary of Homeland Security's "sole and unreviewable discretion."[2] Thus, the Court lacks jurisdiction to review Plaintiff's claim based on the BIA's dismissal of his appeal of USCIS's "no risk" determination. *See Gebhardt*, 879 F.3d at 987.

Accordingly, the Court GRANTS Defendants' motion to dismiss with leave to amend.[3]

### B.     Motion to Consolidate

Plaintiff moves to consolidate the instant action with the related action filed by Chen, Case No. 2:21-cv-00220-TLN-AC. (ECF No. 12 at 16.) Defendants do not oppose Plaintiff's motion to consolidate. (ECF No. 14 at 3.)

Under Rule 42, if actions before a court involve a common question of law or fact, the court may consolidate the actions. Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Quair v. Thomas*, No. 1:21-cv-01397-

---

[2] The Court notes the BIA does not have authority to review the "no risk" determinations made by USCIS. *See Matter of Aceijas-Quiroz*, 26 I. & N. Dec. 294, 297 (BIA 2014); *Bourdon v. U.S. Dep't of Homeland Sec. (DHS)*, 940 F.3d 537, 547–48 (11th Cir. 2019); *Struniak v. Lynch*, 159 F. Supp. 3d 643, 648 (E.D. Va. 2016) ("The BIA . . . has concluded that it lacks jurisdiction to review the USCIS's "no risk" determinations under the [Adam Walsh Act].")

[3] The Court notes that on reply, Defendants requested the Court deny leave to amend based on futility. (ECF No. 14 at 2.) However, the Ninth Circuit has "assume[d], without deciding, that the Adam Walsh Act permits [courts] to review colorable constitutional claims." *Gebhardt*, 879 F.3d at 988. At the same time, claims regarding how the Secretary of Homeland Security exercises his or her "sole and unreviewable discretion" to adjudicate I-130 petitions are not subject to judicial review. *Id.* at 987. Accordingly, if Plaintiff files an amended complaint that again asks the Court to review how the Secretary, through USCIS, exercised his or her "sole and unreviewable discretion" when adjudicating Plaintiff's I-130 petition, the Court would again lack jurisdiction.

JLT-SKO, 2022 WL 675754, at *1 (E.D. Cal. Mar. 7, 2022).

As Defendants state, Defendants have already filed notices of related cases for the instant action and the Chen action, and the two actions involve almost identical facts, claims, and parties. (ECF No. 14 at 4.) Additionally, Plaintiff's motion to consolidate is unopposed.

Accordingly, the Court GRANTS Plaintiff's motion to consolidate.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss with leave to amend. (ECF No. 9 in Case No. 2:22-cv-00572-TLN-AC; ECF No. 25 in Case No. 2:21-cv-00220-TLN-AC.) Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order. Defendant shall file an opposition, or statement of non-opposition, not later than twenty-one (21) days after Plaintiff files an amended complaint. If Plaintiff opts not to file an amended complaint, the Court will dismiss this action.

The Court also GRANTS Plaintiff's Motion to Consolidate Case Nos. 2:21-cv-00220-TLN-AC and 2:22-cv-00572-TLN-AC. (ECF No. 12 in Case No. 2:22-cv-00572-TLN-AC; ECF No. 28 in Case No. 2:21-cv-00220-TLN-AC.) The Clerk of Court is directed to consolidate these cases and close 2:22-cv-00572-TLN-AC. Plaintiff is directed to file the consolidated amended complaint in 2:21-cv-00220-TLN-AC.

IT IS SO ORDERED.

**DATED: December 29, 2022**

Troy L. Nunley
United States District Judge